UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80456-CIV-KAM

NORMAN HIRSCH,
MATTHEW DWYER, and
RALPH WILLARD,

    Plaintiffs,
v.

JUPITER GOLF CLUB, LLC d/b/a
TRUMP NATIONAL GOLF CLUB JUPITER,
and RBF, LLC d/b/a THE RITZ-CARLTON
GOLF CLUB & SPA JUPITER,

    Defendants.
_____/

**DEFENDANT JUPITER GOLF CLUB, LLC'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 56 and S.D. Fla. Local Rule 56.1,[1] Defendant JUPITER GOLF CLUB, LLC d/b/a TRUMP NATIONAL GOLF CLUB JUPITER ("Trump"), files this Motion for Summary Judgment as to Counts I-III of Plaintiffs' Second Amended Complaint [DE 146].

    I.    **LEGAL STANDARD - MOTION FOR SUMMARY JUDGMENT**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[2] And while the moving party "bears the initial burden of showing that there is an absence of a genuine issue of material fact," once the "moving party meets its burden, the nonmoving

---

[1] Pursuant to S.D. Fla. Local Rule 56.1, Trump's Statement of Undisputed Facts ("SOF") is being e-filed simultaneously with the instant Motion.

[2] In evaluating a motion for summary judgment, the Court considers the evidence in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations ..., admissions, interrogatory answers, or others materials...." Fed. R. Civ. P. 56(c)(1)(A); *Zarrella v. Pacific Life Ins. Co.,* 820 F.Supp.2d 1371 (S.D. Fla. 2011) (J. Williams Order Granting Defendant's Motion for Summary Judgment).

party must show the existence of a genuine issue of material fact that remains to be resolved at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "A mere 'scintilla' of evidence supporting the [nonmoving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990)(internal citations omitted).

Importantly, where the non-moving party fails to establish the existence of an essential element of its case by establishing a genuine issue of material fact, summary judgment must be entered because a "complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex,* 477 U.S. at 322-23; *see also Craig v. Floyd Cnty,* 643 F.3d 1306, 1309 (11th Cir. 2011). In such a circumstance, Rule 56 "mandates the entry of summary judgment." *Celotex,* 477 U.S. at 322.

## II.  ARGUMENT

As established herein, there is no dispute as to any material fact as to Counts I-III against Trump, and thus, Trump is entitled to judgment as a matter of law for the following reasons:

> **1.    Summary Judgment Should be Granted in Favor of Trump Because Plaintiffs Resigned From the Club 2-3 Years Before Trump Took Over and Thus, Plaintiffs Had *No Interest* in the Club as of December 2012**

Plaintiffs Norman Hirsch ("Hirsch"), Matthew Dwyer ("Dwyer"), and Ralph Willard ("Willard"), have brought suit against Ritz and Trump seeking to recover membership deposits ("Membership Deposits") that they paid Ritz to purchase membership interests they acquired pursuant to membership agreements in the Ritz-Carlton Golf Club & Spa (the "Club"), which gave them access to the golf course, club house and spa owned by Ritz (the "Club Facilities").

All of the Plaintiffs subject to the class (1) joined the club when Ritz owned the club; (2) paid their deposits to Ritz (not Trump); and (3) "resigned" from the club, all under Ritz's watch

and years <u>before</u> Trump acquired the club in December 2012.

Plaintiffs paid their deposits to Ritz and not Trump.  SOF ¶ 1; *See* testimony of Hirsch Dep. Page 73[3] (paid deposit to Ritz and <u>not</u> Trump); Dwyer Dep. Page 62[4] (paid deposit to Ritz and <u>not</u> Trump); and Willard Dep. Page 91[5] (paid deposit to Ritz and <u>not</u> Trump).

Plaintiffs resigned from the Club years before Trump took over the Club.  SOF ¶ 2; *See* testimony of Hirsch Dep. Pages 73-74 and 79-80 (resigned in 2010 [2 years <u>before</u> Trump acquired the club]); Dwyer Dep. Pages 62-63 (resigned in 2010 [2 years <u>before</u> Trump acquired the club]); and Willard Dep. Pages 44 and 88 (resigned in 2009 [3 years <u>before</u> Trump acquired the club]).

Plaintiffs had no interest in the Club after they resigned.  SOF ¶ 3; *See* Dwyer Dep. Page 25 (no recollection of even trying to use his membership since Trump purchased the club in 2012); and Willard Dep. Page 89 (never even visited the club since he resigned and moved back to North Carolina in 2009) and Willard Dep. Pages 111-112 where he admits that if he was living in Florida and not North Carolina, he would have taken Trump's Membership Plan and Legacy Addendum seriously, but he had <u>no interest</u> given his relocation to North Carolina since 2009. *See also* Willard Dep. Pages 95-97, where he admits that he did not even read Trump's Membership Plan or Legacy Addendum until 2 weeks before his March 5, 2015 deposition and 2 years after this lawsuit was filed.

Thus, it is Trump's position that former members who resigned pre-Trump (like Plaintiffs) have no basis to allege that Trump purportedly changed/terminated their membership because they had already resigned before Trump even purchased the club.  And once they

---

[3] Hirsch's Deposition is attached hereto as **Exhibit 1.**
[4] Dwyer's Deposition is attached hereto as **Exhibit 2.**
[5] Willard's Deposition is attached hereto as **Exhibit 3.**

resigned and quit the club, they no longer had any rights to claim that their membership was purportedly terminated. *See* SOF ¶ 3; Donald Trump Dep.[6] at 23 (members that are on the resignation list send a signal that the members want to get out of the club) and Donald Trump Dep. at 29 (if a member is on the resignation list they do not want to be in the club).[7]

### 2. Summary Judgment Should be Granted as to Plaintiffs' Allegations Subject to Count II (Breach of Contract)

Unfortunately for Plaintiffs, the documents attached to the Second Amended Complaint [DE 146], namely, the Membership Agreements,[8] Ritz Membership Plan and Rules and Regulations,[9] Trump Membership Plan,[10] and Trump Legacy Addendum[11] (collectively, the "Membership Documents" **Exhibits 7-10**; SOF ¶ 5); Plaintiffs' deposition testimony cited herein **Exhibits 1-3,** and the deposition testimony of Trump's fact witnesses (i.e. Donald J. Trump, Eric Trump and David Cohen, Esq.) (also cited herein; **Exhibits 4-6),** clearly establish, as a matter of law, that there are no genuine issues of material fact as to Plaintiffs' claim for Breach of Contract (Count II), and summary judgment should be granted in favor of Trump.

---

[6] Donald Trump's Deposition is attached hereto as **Exhibit 4.**

[7] It should also be noted that Trump has drastically improved the club since taking over, investing millions and millions of dollars on improvements for all members. SOF ¶ 4; *See* Donald Trump Dep. at 6-8 (we have done very substantial upgrades to the entire facility and it is like a brand new place); Donald Trump Dep. at 9 (the members are very happy); Donald Trump Dep. at 20 (we spent a lot of money making the club beautiful); Donald Trump Dep. at 25 (the club is amongst the best); Eric Trump Dep. at 11 and 27-28 (we put a lot of capital investment into the club, millions of dollars)(Eric Trump's Deposition is attached hereto as **Exhibit 5**); and Trump's in-house counsel David Cohen Dep. at 47 (people are extremely happy with what Trump has done to the club) (David Cohen's Deposition is attached hereto as **Exhibit 6**). In fact, Plaintiff Willard even testified that he was "pleased" Donald J. Trump took over the club because he is a "good" and "smart operator," and Willard thought he would do a "good job running the club," because he "knows how to tune up a good golf course." *See* Willard Dep. Pages 110-111.

[8] Attached hereto as composite **Exhibit 7.**
[9] Attached hereto as **Exhibit 8.**
[10] Attached hereto as **Exhibit 9.**
[11] Attached hereto as **Exhibit 10.**

A.      **The Court Should Grant Trump's Motion Based Upon Plaintiffs' Testimony Alone**

Summary judgment should be entered in favor of Trump based upon the fact that Plaintiffs' deposition testimony (as to what the factual basis was for their breach of contract claims against Trump) confirmed that Plaintiffs' breach of contract claims do not consist of all 5 of the following issues that are alleged/subject to Plaintiffs' Second Amended Complaint.[12]

(1) Trump allegedly terminated all existing categories of membership;

(2) Trump allegedly terminated Plaintiffs' Membership plans;

(3) Trump allegedly recalled Plaintiffs' memberships;

(4) Trump allegedly denied Plaintiffs access to Club Facilities; and

(5) Trump allegedly continued to improperly collect dues and payments from Plaintiffs.

**(i)      Plaintiff Hirsch's Breach of Contract Testimony as to Trump**

When Plaintiff Hirsch was asked by the undersigned counsel for Trump for the factual basis to his breach of contract claims against Trump, Plaintiff Hirsch testified that the breach was due to Hirsch not being permitted to use the club (Hirsch Dep. Pages 103-104). SOF ¶ 7. Thus, Hirsh's testimony confirmed that he is not claiming that Trump breached the contract for the following 4 out of the 5 reasons: (1) Trump allegedly terminated all existing categories of membership; (2) Trump allegedly terminated Plaintiffs' Membership plans; (3) Trump allegedly recalled Plaintiffs' memberships; and (4) Trump allegedly continued to improperly collect dues

---

[12] Despite what Plaintiffs may allege in their Second Amended Complaint, the only reason why Hirsch, Dwyer and Willard have not yet received their membership deposit refunds back, is because neither of them have reached the top (and come off of) their resignation list (i.e. the procedures in which they are entitled to a refund per the Membership Agreements). *See* ¶¶ 5-11 of the Affidavit of Trump General Manager attached hereto as **Exhibit 11**, attesting to the procedures as to Trump's resignation lists. SOF ¶ 6. *See also* Eric Trump Dep. at 18-19, 26, 96 and 106 (the refund list has worked very well, many people have been refunded successfully and the system is working). SOF ¶ 6. In fact, Plaintiffs even concede this point [at Footnote 2 of Page 2 of Plaintiffs' Opposition to a defense Motion to Dismiss (DE 34)] by stating that "Plaintiffs have not asserted refund claims premised on Defendants' alleged failure to process the resignation list." SOF ¶ 6.

and payments from Plaintiffs. As such, the Court should grant summary judgment in favor of Trump and against Plaintiff Hirsch as to the foregoing 4 breach of contract claims.

**(ii)  Plaintiff Willard's Breach of Contract Testimony as to Trump**

When Plaintiff Willard was asked by the undersigned counsel for Trump for the factual basis to his breach of contract claims against Trump, Plaintiff Willard testified that the breach was due to an alleged abolishment of a category of his membership (Willard Dep. Page 100). SOF ¶ 8. Thus, Willard's testimony confirmed that he is not claiming that Trump breached the contract for the following 4 out of the 5 reasons: (1) Trump allegedly terminated Plaintiffs' Membership plans; (2) Trump allegedly recalled Plaintiffs' memberships; (3) Trump allegedly denied Plaintiffs access to Club Facilities; and (4) Trump allegedly continued to improperly collect dues and payments from Plaintiffs. As such, the Court should grant summary judgment in favor of Trump and against Plaintiff Willard as to the foregoing 4 breach of contract claims.

**(iii)  Plaintiff Dwyer's Breach of Contract Testimony as to Trump**

When Plaintiff Dwyer was asked by the undersigned counsel for Trump for the factual basis to his breach of contract claims against Trump, Plaintiff Dwyer testified that the breach was due to an alleged termination and change in his membership (Dwyer Dep. Pages 83-84). SOF ¶ 9. Thus, Dwyer's testimony confirmed that he is not claiming that Trump breached the contract for the following 3 out of the 5 reasons: (1) Trump allegedly recalled Plaintiffs' memberships; (2) Trump allegedly denied Plaintiffs access to Club Facilities; and (3) Trump allegedly continued to improperly collect dues and payments from Plaintiffs. As such, the Court should grant summary judgment in favor of Trump and against Plaintiff Dwyer as to the foregoing 3 breach of contract claims.

**B.      No Issues of Fact as to All 5 Breach of Contract Claims Subject to Complaint**

Notwithstanding that Plaintiffs' deposition testimony confirms that Plaintiffs cannot avoid summary judgment as to all 5 of Plaintiffs' breach of contract claims, the record evidence of this case (in its entirety) also confirms that there are no genuine disputes as to any material facts as to each of the following 5 allegations raised by Plaintiffs:

**(i)      No Factual Issue Exists as to Whether Trump Allegedly Terminated All Existing Categories of Membership**

There is no issue of fact as to this allegation. *See* SOF ¶ 10; Plaintiffs' deposition testimony confirming that their respective memberships were not terminated. *See* Hirsch Dep. Pages 95 and 110 (the club still has spa memberships [which is Hirsch's category of membership]); Dwyer Dep. Page 66 (the club still has fractional golf memberships [which is Dwyer's category of membership]); and Willard Dep. Pages 101-102 and 106 (he has no proof that the spa, clubhouse, pool, dining room, and golf course still do not exist at the club since Trump purchased the club [Willard's membership is a full golf membership]).

*See also* SOF ¶ 10; Eric Trump Dep. at 119-120 (the Trump club has not terminated any memberships); Eric Trump Dep. at 120 (the Trump club has not changed its categories of memberships, and there is still a full golf membership, there is still a fractional membership and there is still a social and spa membership); David Cohen Dep. at 86-87 (the Trump club has not terminated any memberships); David Cohen Dep. at 87-88 (the Trump club has not changed its categories of memberships, and there is still a full golf membership, there is still a fractional membership and there is still a social and spa membership).

Moreover, Trump's Legacy Addendum specifically recognizes that "some of the memberships in the Prior Club did include refundable membership," and explicitly indicates that "Club Owner [Trump] will honor certain of those memberships at the Club." SOF ¶ 11.  In

particular, Trump's Legacy Addendum makes clear that "the Club is currently <u>honoring</u> certain memberships purchased in the Prior Club in these <u>categories</u>." SOF ¶ 11.  Moreover, The Legacy Addendum provides that members who previously held a refundable membership before the sale of the Club Facilities to Trump—referred to as "Refundable Members" in the Legacy Addendum—<u>preserve the right to obtain a refund of their Membership Deposit.</u>  SOF ¶ 11.  As such, Trump did not terminate all of Plaintiffs' existing categories of membership, and in fact, Trump's Legacy Addendum confirms that the memberships are being honored.

Furthermore, Section IV of the Membership Agreements provide that "[a] member only acquires a revocable license to use the Club Facilities in accordance with the terms and conditions of the Membership Plan and Rules and Regulations, <u>as the same may be amended from time to time.</u>"  SOF ¶ 12.  Thus, the member agrees that the Plan or the Rule and Regulations may be amended at any time.  Similarly, under Section IV of the Membership Agreements, the Club "reserves the right, in its discretion, to … <u>modify</u> the Membership Plan and the Rules and Regulations" or "to <u>add, issue, modify</u> … <u>any type or category or class of membership</u>."  SOF ¶ 12.  *See* testimony of Plaintiffs admitting that they understood that the club owner (i.e. Ritz or Trump) had the right to change the terms of their memberships. SOF ¶ 13; (Hirsch Dep. Pages 77-79 and 93; Dwyer Dep. Pages 69-70; and Willard Dep. Pages 104-105). *See also* Eric Trump Dep. at 13-14, 22, 97-98, and 100 (in all of the membership agreements we have the right to change, amend and modify certain rules and obligations); David Cohen Dep. at 29 (the owner is entitled to amend the membership documents).

Thus, even if Trump's Plan and Addendum allegedly changed an existing category of Plaintiffs' memberships, Plaintiffs' Membership Agreements and Plaintiffs' testimony confirm that Plaintiffs understood and agreed that their membership categories could change at any time.

The foregoing record evidence confirms that there are no genuine disputes as to any material facts as to this allegation, and as a result, the Court should find as a matter of law that Trump is entitled to summary judgment.

### (ii).   No Factual Issue Exists as to Whether Trump Allegedly Terminated Plaintiffs' Membership Plans

There is no issue of fact as to this allegation because Plaintiffs' Membership Plan was not terminated.  *See* SOF ¶ 14; Section XI of the Trump National Golf Club Membership Plan stating that "Former members in the Ritz Carlton Golf Club & Spa, Jupiter [i.e. Plaintiffs] should refer to the "Legacy Addendum" to this Membership Plan to determine privileges and other terms and conditions applicable to them."   In fact, the Legacy Addendum specifically recognizes that "some of the memberships in the Prior Club did include refundable membership" and explicitly indicates that "Club Owner [Trump] will honor certain of those memberships at the Club." SOF ¶ 14.  In particular, Trump's Legacy Addendum makes clear that "the Club is currently honoring certain memberships purchased in the Prior Club in these categories."  SOF ¶ 14.

*See also* SOF ¶ 10; Hirsch Dep. Pages 95 and 110 (the club still has spa memberships [which is Hirsch's category of membership]); Dwyer Dep. Page 66 (the club still has fractional golf memberships [which is Dwyer's category of membership]); and Willard Dep. Pages 101-102 and 106 (he has no proof that the spa, clubhouse, pool, dining room, and golf course still do not exist at the club since Trump purchased the club [Willard's membership is a full golf membership]); Eric Trump Dep. at 119-120 (the Trump club has not terminated any memberships); Eric Trump Dep. at 120 (the Trump club has not changed its categories of memberships, and there is still a full golf membership, there is still a fractional membership and there is still a social and spa membership); David Cohen Dep. at 86-87 (the Trump club has not terminated any memberships); David Cohen Dep. at 87-88 (the Trump club has not changed its

categories of memberships, and there is still a full golf membership, there is still a fractional membership and there is still a social and spa membership).

Even if Plaintiffs' Membership Plans were terminated (which they were not), Section IV of Plaintiffs' Membership Agreements specifically provide that "[t]he Club reserves the right, in its discretion, to <u>terminate</u> or modify the Membership Plan." SOF ¶ 14. *See also* testimony of Plaintiffs admitting that they understood that the club owner (i.e. Ritz or Trump) had the right to change the terms of their memberships. SOF ¶ 13; (Hirsch Dep. Pages 77-79 and 93; Dwyer Dep. Pages 69-70; and Willard Dep. Pages 104-105). *See also* Eric Trump Dep. at 13-14, 22, 97-98, and 100 (in all of the membership agreements we have the right to change, amend and modify certain rules and obligations); David Cohen Dep. at 29 (the owner is entitled to amend the membership documents).

The foregoing record evidence confirms that there are no genuine disputes as to any material facts as to this allegation, and as a result, the Court should find as a matter of law that Trump is entitled to summary judgment.

**(iii). No Factual Issue Exists as to Whether Trump Allegedly Recalled Plaintiffs' Memberships**

There is no issue of fact as to this allegation. *See* SOF ¶ 15; Eric Trump Dep. at 119 (the Trump club has not recalled any memberships); David Cohen Dep. at 86 (the Trump club has not recalled any memberships). Plaintiff Hirsch also admits that his membership was not recalled (Hirsch Dep. Page 97) and Plaintiff Willard does not know whether or not his membership has been recalled (Willard Dep. Page 106).

Notwithstanding Plaintiffs' testimony, Section IV of Plaintiffs' Membership Agreements provides that "[t]he Club reserves the right, in its discretion, to <u>recall</u> any membership at any time for any or no reason whatever." SOF ¶ 15. So even if Trump did recall Plaintiffs'

memberships (which it did not), Trump had the right to do so - per Plaintiffs' Membership Agreements.

In addition, Section XI of the Trump National Golf Club Membership Plan specifically states that "[f]ormer members in the Ritz Carlton Golf Club & Spa, Jupiter [i.e., Plaintiffs] should refer to the "Legacy Addendum" to this Membership Plan to determine privileges and other terms and conditions applicable to them." SOF ¶ 14.  Thus, Trump did not "recall" Plaintiffs' memberships - Trump did the exact opposite by creating the Legacy Addendum to their Memberships. The Legacy Addendum also specifically recognizes that "some of the memberships in the Prior Club did include refundable membership" and explicitly indicates that "Club Owner [Trump] will honor certain of those memberships at the Club." SOF ¶ 14.  In particular, Trump's Legacy Addendum makes clear that "the Club is currently honoring certain memberships purchased in the Prior Club in these categories." SOF ¶ 14.  As such, Plaintiffs memberships were not recalled - they are being honored.

The foregoing record evidence confirms that there are no genuine disputes as to any material facts as to this allegation, and as a result, the Court should find as a matter of law that Trump is entitled to summary judgment.

### (iv). No Factual Issue Exists as to Whether Trump Allegedly Denied Plaintiffs Access to Club Facilities

There is no issue of fact as to this allegation because Plaintiffs admitted in their depositions that they have not been wrongfully denied access to the club.  *See* SOF ¶ 16; Hirsch Dep. Page 92 (he was never personally denied access to the club); Dwyer Dep. Page 25 (no recollection of even trying to use his membership since Trump purchased the club in 2012); and Willard Dep. Page 89 (never even visited the club since he resigned and moved back to North Carolina in 2009).

*See also* SOF ¶ 16; Eric Trump Dep. at 15, 32 and 102 (no members were denied access to the club and if any members were denied access it was because they did not pay their bill); Eric Trump Dep. at 34 (people on the refundability list continue to use the club); David Cohen Dep. at 87 (no members have been denied access to the club); David Cohen Dep. at 37 (no members ever advised him that they were denied access to the club); David Cohen Dep. at 37-37 (if any members were denied access it was because they did not pay their bill); David Cohen Dep. at 57 (we didn't kick anyone out of the club).

Plaintiffs also admit that their Membership Agreements provide that the club can deny them access to the club if they are not current on their membership dues/account. *See* SOF ¶ 17; Hirsch Dep. Page 89 (understood that Membership Plan provided that if dues were not paid that the member would not be entitled to use the club); Dwyer Dep. Pages 71 and 76 (understood that if he paid his dues he would be allowed access to the club and that if he did not pay his dues he would not be allowed access to the club); and Willard Dep. Pages 14 and 97-98 (understood that if you stopped paying dues you lost access to the club - and that was acceptable to him).

In fact, Plaintiffs Hirsch, Dwyer and Willard, <u>all stopped paying their dues</u>, so based upon their own testimony, they understand that they have no right to access the club facilities. *See* SOF ¶ 18; Hirsch Dep. Pages 88-89 (stopped paying dues); Dwyer Dep. Pages 22-24 and 76 (stopped paying dues); and Willard Dep. Pages 30, 97, 102 and 107 (stopped paying dues and admits that he owes the Trump club approximately <u>$81,000</u> in unpaid dues, food and beverage expenses and fees).

Notwithstanding Plaintiffs' testimony, the Membership Agreements state that "membership in the Club permits the member to use the Club Facilities . . . in accordance with the Membership Plan and Rules and Regulations." The Membership Plan Rules and Regulations

provide for resignation of memberships under the heading "TRANSFER OF MEMBERSHIP." That section provides that "[a] member may transfer his or her membership only to the Club" and that a member desiring to resign his or her membership must give written notice to the Club, at which point "[t]he resigned membership will be placed on a waiting list" until re-issued to a new member. As only "membership in the Club" entitles one to use Club Facilities, once that membership has been resigned and transferred to the Club, the individual who resigned that membership has no right to continued use of the Club Facilities. Therefore, under the plain reading of the Membership Plan Rules and Regulations, a member who "resigns" his or her membership transfers that membership to the Club—along with the right to use Club Facilities.

The foregoing record evidence confirms that there are no genuine disputes as to any material facts as to this allegation, and as a result, the Court should find as a matter of law that Trump is entitled to summary judgment.

> **(v).  No Factual Issue Exists as to Whether Trump Allegedly Continued to Improperly Collect Dues and Payments from Plaintiffs**

There is no issue of fact as to this allegation because Ritz's Membership Plan clearly states—under the heading "<u>Payment of Dues by a Resigned Member</u>"—that individuals who resign their memberships "shall be <u>obligated to continue to pay dues, fees and other charges</u> associated with the resigned membership until the reissuance of the membership by the Club to a new member." SOF ¶ 19. The Ritz Membership Plan Rules and Regulations likewise provide that even after resignation of membership privileges, the former member remains <u>liable for unpaid dues</u>, fees, and other charges SOF ¶ 19.

Here, Plaintiffs each resigned 5-6 years ago (and 2-3 years before Trump even took over the club in 2012). *See* SOF ¶ 2; testimony of Hirsch Dep. Pages 73-74 and 79-80 (resigned in 2010); Dwyer Dep. Pages 62-63 (also resigned in 2010); and Willard Dep. Pages 44 and 88

(resigned in 2009). Despite their resignations, Plaintiffs understood that if they wished to stay in good standing with the club, they needed to continue to pay their dues. *See* SOF ¶ 17; Hirsch Dep. Page 89 (understood that Membership Plan provided that if dues were not paid that the member would not be entitled to use the club); Dwyer Dep. Pages 71 and 76 (understood that if he paid his dues he would be allowed access to the club and that if he did not pay his dues he would not be allowed access to the club); and Willard Dep. Pages 14 and 97-98 (understood that if you stopped paying dues you lost access to the club - and that was acceptable to him). *See also* SOF ¶ 19; Eric Trump Dep. at 99 (if you are on the resignation list you still have to pay your dues); David Cohen Dep. at 57-58 (if you are on the resignation list you still have to pay your dues).

The foregoing record evidence confirms that there are no genuine disputes as to any material facts as to this allegation, and as a result, the Court should find as a matter of law that Trump is entitled to summary judgment.

**(vi). <u>Trump's Letter Also Does Not Create a Factual Issue as to Count II</u>**

Trump's December 17, 2012 Letter [attached as Exhibit H to Plaintiffs' Second Complaint DE 146] does not provide a basis for breach of contract. The letter refers the members to the Legacy Addendum, which, as established herein, does not trigger any of Plaintiffs' purported rights to a refund of their deposits. It only allegedly modifies the membership, as Trump is permitted to do per Section IV of the Membership Agreements – as acknowledged by Plaintiffs in their deposition. (SOF ¶ 13; Hirsch Dep. Pages 77-79 and 93; Dwyer Dep. Pages 69-70; and Willard Dep. Pages 104-105) (each admitting that they understood that the club owner [i.e. formerly Ritz and now Trump] has the right to change the terms of Plaintiffs' memberships.)

In addition, the Trump witnesses confirmed in their depositions that despite what the letter said, the Trump club continued to allow resigned paying dues members to use the club facilities. *See* SOF ¶ 20; Donald Trump Dep. at 21-22 (despite what the letter said the Trump club actually allowed resigned members to stay in the club and pay their dues); Eric Trump Dep. at 12-15, 36 and 96-98 (although the letter says that resigned members would not be able to use the club, that was not what we did in practice and we did not implement that decision and instead we maintained the status quo exactly how Ritz had done it before); David Cohen Dep. at 44-46 and 50-51 (the letter was just a letter expressing Mr. Trump's feelings and it has no legal effect/legal consequence).

### C.  Summary Judgment Should Be Granted as to Count I (Declaratory Relief)[13]

Count I seeks declaration from the Court that Trump is liable for breaching the Membership Agreements for the same reasons set forth in Plaintiffs' Count II for Breach of Contract (i.e. that Trump allegedly terminated Plaintiffs' membership categories and that Trump allegedly unilaterally altered terms of the Membership Agreement and Membership Plan, namely, the membership refund policy) (*see* ¶¶ 92-97 of Count I and ¶¶ 103-105 of Count II; DE 146). Thus, Trump hereby incorporates by reference herein Trump's arguments (above) as to Plaintiffs' breach of contract claims, and because Trump should be entitled to the entry of summary judgment as to Count II on Plaintiffs' breach of contract claims, Trump should also be entitled to the entry of summary judgment as to Count I on Plaintiffs' declaratory relief claim.

---

[13] Count I for Declaratory Relief was not certified by the Court. *See* DE 124 at page 11 ("The Class claim is the breach of contract claim contained in count two of the Amended Complaint")].

### D. Summary Judgment Should be Granted as to Count III (Injunctive Relief)[14]

Count III for injunctive relief is premised upon Plaintiffs' same allegations set forth in Plaintiffs' Count II for Breach of Contract that Trump allegedly terminated Plaintiffs' membership categories and that Trump refuses to refund Plaintiffs' Membership Deposits. (*see* ¶¶ 110-111 of Count III and ¶¶ 103-105 of Count II; DE 146). Thus, Trump hereby incorporates by reference herein Trump's arguments (above) as to Plaintiffs' breach of contract claims, and because Trump should be entitled to the entry of summary judgment as to Count II on Plaintiffs' breach of contract claim, Trump should also be entitled to the entry of summary judgment as to Count III on Plaintiffs' injunctive relief claim.

### III. CONCLUSION

Based upon the foregoing arguments, points of authorities and citations to the factual record, Trump submits that there is no genuine dispute as to any material fact as to Counts I-III against Trump, and thus, Trump respectfully requests that the Court grant the instant Motion for Summary Judgment as to Counts I-III as a matter of law

Dated: September 21, 2015

Respectfully submitted,

RUSSOMANNO & BORRELLO, P.A.
Museum Tower, Penthouse 2800
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 373-2101
Facsimile: (305) 373-2103

By: /s/ Herman J. Russomanno III
    Herman J. Russomanno (Fla. Bar No. 240346)
    hrussomanno@russomanno.com
    Robert J. Borrello (Fla. Bar No. 764485)
    rborrello@russomanno.com
    Herman J. Russomanno III (Fla. Bar No. 21249)
    herman2@russomanno.com

---

[14] Count III for Injunctive Relief was also not certified by the Court. *See* DE 124 at page 11.

CASE NO. 13-80456-CIV-KAM

## **CERTIFICATE OF SERVICE**

       I hereby certify that on September 21, 2015, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                            /s/ Herman J. Russomanno III