UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80456-CIV-MARRA/MATTHEWMAN

NORMAN HIRSCH, MATTHEW DWYER,
and RALPH WILLARD, individually and on
behalf of all others similarly situated,

Plaintiffs,

vs.

JUPITER GOLF CLUB LLC, a Delaware LLC
d/b/a TRUMP NATIONAL GOLF CLUB JUPITER
and RBF, LLC d/b/a THE RITZ CARLTON
GOLF CLUB & SPA JUPITER,

Defendants.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL RECONSIDERATION

This cause is before the Court upon Defendant's Motion for Partial Reconsideration of the Court's Order Denying Defendant's Motion for Summary Judgment or, in the alternative, to Decertify the Class based upon Lack of Commonality. (DE 224). The Motion is fully briefed and ripe for review. The Court has carefully considered the Motion and is otherwise fully advised in the premises.

I. Background

Defendant Jupiter Golf Club, LLC d/b/a Trump National Golf Club ("Defendant") moves for partial reconsideration of the Court's July 25, 2016 Order denying Defendant's Motion for Summary Judgment. Specifically, Defendant claims that the Court's conclusion that there was a genuine issue of material fact as to whether there was a "recall of membership" of the class members on the resignation list was erroneous because Plaintiffs never alleged that their

memberships were recalled.   Alternatively, Defendant submits that the class should be decertified because the issue of recall is not capable of common resolution.

II.  Legal Standard

Courts have set forth three major grounds justifying reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence and (3) the need to correct clear error or prevent manifest injustice." Williams v. Cruise Ships Catering and Serv. Int'l, N.V., 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004).  The decision to grant a motion for reconsideration is committed to the sound discretion of the Court and will not overturned on appeal absent an abuse of discretion. Region 8 Forest Serv. Timber Purchases Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993).

In reviewing a motion to reconsider, the Court "will not alter a prior decision absent a showing of 'clear and obvious error' where 'the interests of justice' demand correction." Prudential Securities, Inc. v. Emerson, 919 F. Supp. 415, 417 (M.D. Fla. 1996) (quoting American Home Assurance, Co. v. Glenn Estess & Assoc. Inc., 763 F.2d 1237, 1239 n.2 (11th Cir. 1985)).  A motion for reconsideration should not be used to reiterate arguments already made or to ask the Court to "rethink what the Court . . . already thought through." Z.K. Marine, Inc. v. M/V Archigetis, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)).  Nor should a motion for reconsideration be used to raise arguments that should have been made initially.  See O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992); Prudential, 919 F. Supp. at 417.  Finally, "reconsideration of a previous order is 'an extraordinary remedy, to be employed sparingly.'" Mannings v  School Bd. of Hillsborough County, 149 F.R.D. 235 (M.D. Fla. 1993).

III. Discussion

The Court first addresses Defendant's contention that Plaintiffs never alleged their memberships were recalled by Defendant. To address this contention, the Court will highlight where the issue of "recall" was raised in various pleadings and motions.

Plaintiffs' First Amended Complaint ("FAC," DE 23) alleged that Defendant breached the contract by changing the terms of membership, terminating the membership plans, recalling memberships and terminating the categories of membership. (FAC ¶¶ 6-7, 12, 31, 67, 69, 71.) The FAC alleged that, on or about December of 2012, Defendant recalled the memberships of Plaintiffs. (FAC ¶ 53.) The Second Amended Complaint ("SAC," DE 146) referenced the word "recall" for the purpose of quoting the applicable language in the membership agreements. (SAC ¶¶ 17, 36.)

At the summary judgment stage, both parties addressed the issue of recall, thereby making it an issue for the Court to consider. As part of its motion for summary judgment, Defendant contended that "[n]o factual issue exists as to whether Trump allegedly recalled Plaintiffs' memberships." (DE 159 at 10-11 ; see; DE 159 at 5.)

Likewise, in response to that position, Plaintiffs argued that, "Trump's actions, when viewed objectively, can only be characterized as the termination of Plaintiffs' and Class Members' Membership Categories and the *recall* of Plaintiffs' Membership Plans." (DE 177 at 8) (emphasis added). Plaintiffs also stated, "the central legal issue here is whether when viewed objectively, Trump's amending the refund and other terms of Club memberships effectively terminated or *recalled* previous categories—i.e. types, kinds, divisions, groups or classes—of Club memberships and Membership Plans, in turn triggering Trump's contractual obligation to

refund Class Members' membership deposits within 30 days, which it breached, causing Plaintiffs and Class Members injury." Moreover, Plaintiffs asserted that "[a] rejection of the Club member's Membership Agreement is synonymous with a *recall* of the Membership Agreement." (DE 177 at 14) (emphasis added).

Defendant's reply memorandum stated that "the basis and 'central legal issue' of Plaintiffs' claim is that Trump's decision to issue non-refundable instead of refundable memberships to new members somehow 'terminated' or '*recalled*' their refundable memberships." (DE 182 at 3) (emphasis added).

Based on this record, the Court rejects Defendant's position that Plaintiff never alleged that memberships were recalled. Furthermore, Defendant placed the issue of recall in play by moving for summary judgment on the basis that there was no factual issue as to recall, which Plaintiffs then addressed in their response memorandum. Thus, the issue was properly before the Court and there is no basis for reconsideration on this basis.

With respect to Defendant's arguments that Defendant never recalled Plaintiffs' memberships and its theory that, once Plaintiffs resigned, their memberships could no longer be recalled, will be addressed when the Court's renders its Findings of Facts and Conclusions of Law. Both of these arguments were advanced by Defendant during the trial. Therefore, the best course of action is for the Court to resolve these issues with the benefit of a full trial record. Lastly, the Court sees no reason to address the decertification request at the reconsideration stage, given that it may also be addressed when the Court issues its Findings and Conclusions of Law on the merits of the case.

IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion for Partial Reconsideration of the Court's Order Denying Defendants' Motion for Summary Judgment or, in the alternative, to Decertify the Class based upon Lack of Commonality (DE 224) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 7th day of December, 2016.

_____
KENNETH A. MARRA
United States District Judge